**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**


**JOHN MICHAEL FERENC,**

     **Plaintiff,**

**vs.**                       **Case No. 4:10cv138-RH/WCS**

**STACEY HAYNES, et al.,**

     **Defendants.**

_____/


### REPORT AND RECOMMENDATION

Plaintiff, who is proceeding *pro se*, filed an amended complaint, doc. 5, and a supporting memorandum, doc. 6. Plaintiff's amended complaint has been reviewed pursuant to 28 U.S.C. § 1915A.

Plaintiff names four persons as Defendants in this case on page one, but lists only three Defendants on page two of the amended complaint. Doc. 5. The listing of Defendants must be identical, but that failure need not delay resolution of this case.

Plaintiff alleges that Defendants held him in custody of the Florida Department of Corrections beyond his release date. *Id.*, at 5-8. Plaintiff contends that improper statutes were used to calculate gaintime, *Id.*, at 6-7, and he contends he may have

been held in prison "up to ten [years] perhaps more beyond his sentence release date."

*Id.*, at 7.  Plaintiff alleges that this happened

Plaintiff does not state precisely when these Defendants made the allegedly

erroneous calculations concerning his sentence.  Plaintiff does not allege when he was

actually released, nor when he believes he should have been released.  Plaintiff does,

however, mention that James McDonough and Walter McNeil were the Secretaries of

the Department "during the years 9-20-90 and 6-15-02 when the sentence specialists . .

. erroneously calculated Plaintiff's award of gain-time . . . ."  *Id.*, at 7.  In his first

complaint, doc. 1, Plaintiff alleged that all of this happened from September 20, 1990, to

June 15, 2002, when that particular sentence was complete.  *Id.*, at 4.  Construing

Plaintiff's amended complaint liberally, it appears that Plaintiff's allegations concern

events from September of 1990 through June of 2002.

As such, the claims are barred by the statute of limitations.  A federal § 1983

claim is governed by the forum state's residual personal injury statute of limitations.

Burton v. City of Belle Glade, 178 F.3d 1175, 1188 (11th Cir. 1999), *citing* Owens v.

Okure, 488 U.S. 235, 249-50, 109 S.Ct. 573, 102 L.Ed.2d 594 (1989); Wilson v. Garcia,

471 U.S. 261, 276, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985).  In Florida, "a plaintiff must

commence a § 1983 claim . . . within four years of the allegedly unconstitutional or

otherwise illegal act."  Burton, 178 F.3d at 1188, *citing* Baker v. Gulf & Western Indus.,

Inc., 850 F.2d 1480, 1483 (11th Cir.1988).  Plaintiff's claims are barred by the statute of

limitations because they took place more than four years prior to his initiation of this

case, and the case must be dismissed.

But more important, Plaintiff cites to a state court case which was ruled upon against Plaintiff with respect to his custody claim in state court.[1]  The memorandum, doc. 6, includes a multitude of exhibits demonstrating that Plaintiff's claims were already adjudicated in state court.  Doc. 6, attachments.  Those claims are the same claims he raises in this case, that Defendants held him in prison too long due to wrong sentence calculations and awards of gain time.  Plaintiff is suing the three persons who submitted affidavits in the state court case which were used by the state court in denying Plaintiff's petition for writ of habeas corpus.

A federal court must give the same preclusive effect to a state court judgement as would the state.  28 U.S.C. § 1738; Allen v. McCurry, 449 U.S. 90, 96, 101 S.Ct. 411, 415-416, 66 L.Ed.2d 411 (1980); Migra v. Warren City School District, 465 U.S. 75, 81, 104 S.Ct. 892, 896, 79 L.Ed.2d 56 (1984).

> [U]nder Florida law, res judicata bars a second suit when a court of competent jurisdiction has entered final judgment in the first suit and the following four conditions are met:
>
> 1)    identity of the thing sued for;
>
> 2)    identity of the cause of action;

---

[1] Plaintiff states that the Florida First District Court of Appeal held that Plaintiff did not exhaust administrative remedies, doc. 6, p. 3, but Plaintiff argues exhaustion was not required in that circumstance.  Attached to the memorandum, however, are exhibits from a circuit court case, No. 08-CA-292-C from Okaloosa County, Florida, and not a district court.  Plaintiff's Exhibit V reveals that Plaintiff's petition for writ of habeas corpus was denied in the circuit court on April 10, 2008.  That denial was on the merits, finding he had been "correctly awarded" gain time.  *Id.*, at 2.  Plaintiff then filed a "petition for writ of certiorari" in the District Court of Appeal.  Ex. W, doc. 6.  The District Court issued a *per curiam* opinion on March 13, 2009, denying the writ of certiorari and concluding the circuit court "did not depart from the essential requirements of law" when it denied Plaintiff's habeas petition.  The exhaustion argument went to a new claim Plaintiff tried to raise for the first time in his reply.  *Id.*

    3)      identity of the parties; and

    4)      identity of the quality in the person for or against whom the claim is
           made.

Sewell v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 94 F.3d 1514, 1518 (11th Cir.

1996), *citing* Aquatherm Indus., Inc., 84 F.3d 1388, 1394 (11th Cir. 1996)(citing

Albrecht v. State, 444 So. 2d 8, 12 (Fla. 1984)).

       The order denying Plaintiff's first cause of action was entered by a court of

competent jurisdiction and was a final judgment on the merits.  There is also identity

in the parties because Plaintiff previously sued the Secretary of the Department of

Corrections just as he does now.  The naming of the additional three Defendants

does not alter that fact.  Indeed, the Secretary was previously being sued for the

sentence calculations made by the three persons now being sued.  There is privity

between the parties.

       There is also identity of the causes of action.  "Under the doctrine of res

judicata, a judgment on the merits in a prior suit bars a second suit involving the

same parties or their privies based on the same cause of action."   Sewell, 94 F.3d

at 1518 n.3, *citing* Parklane Hosiery Co. v. Shore, 439 U.S. 322, 326 n.5, 99 S. Ct.

645, 649 n.5, 58 L. Ed. 2d 552 (1979).

> If the later litigation arises from the same cause of action, *then the
> judgment bars litigation not only of* "every matter which was actually
> offered and received to sustain the demand, but also [of] every [claim]
> which might have been presented." *Baltimore S.S. Co. v. Phillips*, 274
> U.S. 316, 319, 47 S.Ct. 600, 602, 71 L.Ed. 1069 (1927).

In re Justice Oaks II, Ltd., 898 F.2d 1544, 1550, n. 3 (11th Cir. 1990), *cert. denied*, 498

U.S. 959 (1990) (emphasis added).  In determining whether the causes of action are

the same, the court must compare the substance of the actions, not their form." <u>I. A.</u>

<u>Durbin, Inc. v. Jefferson National Bank</u>, 793 F.2d 1541, 1549 (11th Cir. 1986).

"Claims are part of the same cause of action when they arise out of the same

transaction or series of transactions." <u>In re Justice Oaks II, Ltd.</u>, 898 F.2d at 1551.

Plaintiff's claims in the case at bar arise from the same transaction and events already

litigated in state court, that his sentence was wrongly calculated and he should have

been released. Plaintiff's claims have already been litigated and decided. This case is

also time barred. Thus, Plaintiff's amended complaint should be dismissed.

It is therefore **RECOMMENDED** that Plaintiff's amended complaint, doc. 5, be

summarily **DISMISSED** for failing to state a claim, as time barred, and as barred by the

doctrine of *res judicata*.

**IN CHAMBERS** at Tallahassee, Florida, on July 7, 2010.


 s/      William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**



<u>**NOTICE TO THE PARTIES**</u>

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**