# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

JOHN MICHAEL FERENC,

    Plaintiff,

v.                                                      CASE NO. 4:10cv138-RH/WCS

STACEY HAYNES et al.,

    Defendants.

_____/

## ORDER REMANDING TO MAGISTRATE JUDGE

In his first amended complaint, the plaintiff John Michael Ferenc asserts that he was held in Florida state prison too long because the defendant officials of the Florida Department of Corrections unconstitutionally applied an amendment to the Florida gain-time statutes that was enacted after he committed the underlying crime. Mr. Ferenc is proceeding in forma pauperis. The first amended complaint thus is subject to judicial review before service of process. *See* 28 U.S.C. § 1915(e)(2)(B).

The case is before the court on the magistrate judge's report and recommendation, ECF No. 7, and the objections, ECF No. 8. The recommendation

is for dismissal at this stage based on res judicata and the statute of limitations. This order concludes that dismissal is not proper.

I

From 1983 to 2009, Mr. Ferenc served five consecutive sentences in the Department of Corrections. *See* ECF No. 6-1 at 28-29 of 86. Mr. Ferenc alleges that he was held too long on the fourth sentence. That sentence was for a crime committed in 1977. *See* ECF No. 6-1 at 28 of 86. He served the sentence from 1990 until 2002. *See* ECF No. 6-1 at 25 of 86. He says this was longer than he should have served and that the reason for the discrepancy was the Department's application of gain-time-revocation standards that were in effect prior to 1976 and after 1983—but not in 1977 when Mr. Ferenc committed the crime.

Prior to 1976, the Department credited basic gain time in a lump sum at the outset of a term in custody. The Department could revoke all or part of the gain time for various reasons including a violation of disciplinary rules. Because gain time for the entire term was credited in a lump sum at the outset, a rules violation at any time could result in the revocation of all the gain time. But in 1976, a new statute was adopted under which basic gain time was not credited in a lump sum at the outset; instead, it was credited "on a monthly basis, as earned." Fla. Stat. § 944.27(1) (1977). A violation thus could result in revocation of the gain time accrued only to the time of the violation. The Department could also punish a

defendant by revoking his right to earn gain time in the future—thus accomplishing the same result as a revocation of all gain time under the older, lump-sum approach—but the Department could do so only by following additional procedures that it did not follow in Mr. Ferenc's case. *See* Fla. Stat. § 944.28(3) (1977). A further statutory change in 1983 reverted to the pre-1976 approach on this issue.

Mr. Ferenc's allegation is that the Department erroneously credited all his gain time for the 1977 crime as a lump sum when he started serving the sentence in 1990. Mr. Ferenc alleges that the Department later revoked all the gain time—including gain time that, if properly credited monthly, would not yet have accrued. Mr. Ferenc alleges that, had the Department properly followed the law on this as in effect in 1977, it would have revoked only the gain time accrued to the point of the violation, and he would later have received the post-violation gain time, shortening his time in custody.

II

The retroactive application of gain-time-revocation standards of this kind, resulting in a longer period in custody than would have been proper under the standards in effect when the crime was committed, may be unconstitutional. *See Knuck v. Wainwright*, 759 F.2d 856, 858-59 (11th Cir. 1985). Whether Mr. Ferenc's factual allegations are correct, and whether his legal theory is correct on

the merits, are issues not addressed in the report and recommendation or in this order. Nor does this order address the issues of whether qualified immunity bars any claim for damages and whether other forms of relief are available. These are issues that will be addressed after the defendants are served with process and afforded an opportunity to be heard.

III

The first issue is whether the claim should be dismissed at this stage based on res judicata. It should not.

Mr. Ferenc filed a petition for a writ of habeas corpus in the state circuit court raising two claims—the retroactivity claim he now raises here, and an additional claim that the Department of Corrections made an arithmetical error in calculating his release date. The trial court rejected the arithmetical claim—Mr. Ferenc was simply wrong—and concluded that he had not raised the retroactivity claim in his complaint. The First District Court of Appeal denied Mr. Ferenc's petition for a writ of certiorari, agreeing that the arithmetical claim was unfounded on the merits, and explicitly saying that the decision was "without prejudice" to the retroactivity claim.[1]

---

[1] The Florida courts' conclusion that Mr. Ferenc did not properly raise the retroactivity claim was wrong. His papers were not drawn with precision, but he asserted the retroactivity claim at each stage of the process. *See* ECF No. 1 at 6 of 9 (alleging in a grievance that the improper lump-sum award of basic gain time was an ex post facto violation because it allowed "more gain-time to be declared

A federal court must give a Florida-court judgment the preclusive effect it would have in a Florida court. *See, e.g.*, *Migra v. Warren City Sch. Dist. Bd. of Educ.,* 465 U.S. 75, 81, 104 S. Ct. 892, 79 L. Ed. 2d 56 (1984). In Florida, res judicata—or perhaps more precisely the part of that doctrine sometimes referred to as claim preclusion—applies "when all four of the following conditions are present: (1) identity of the thing sued for; (2) identity of the cause of action; (3) identity of persons and parties to the action; and (4) identity of quality in persons for or against whom claim is made." *Fla. Bar v. Rodriguez*, 959 So. 2d 150, 158 (Fla. 2007) (quotation marks omitted). Res judicata thus bars all claims that were—or could have been—raised and determined in a prior action. *See, e.g.*, *Dadeland Depot, Inc. v. St. Paul Fire & Marine Ins. Co.*, 945 So. 2d 1216, 1235 (Fla. 2006).

But "[t]o support a defense of res judicata, it must be clear that the court in the previous action intended that the disposition there was to be without right to

---

forfeited during the early stages of service of the sentence"); ECF No. 6-1 at 7-8 of 86 (alleging in the state petition for a writ of habeas corpus that Mr. Ferenc "could not have earned the amount of gain-time forfeited" and emphasizing the gain-time statute's monthly-accrual language); ECF No. 6-1 at 63-68 of 86 (asserting the same theory in the petition for a writ of certiorari to the First District Court of Appeal). That the Florida courts were wrong when they concluded Mr. Ferenc had not properly raised the issue of course makes no difference here, because under the *Rooker-Feldman* doctrine, a state-court error is not reviewable in a § 1983 action in this court. *See Rooker v. Fid. Trust Co.*, 263 U.S. 413, 44 S. Ct. 149, 68 L. Ed. 362 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 103 S. Ct. 1303, 75 L. Ed. 2d 206 (1983).

further proceedings by the plaintiff." *Equitable Fire & Marine Ins. Co. v. Bradford Builder, Inc.*, 174 So. 2d 44, 45 (Fla. 3d DCA 1965), *quoted in W. Grp. Nurseries, Inc. v. Ergas*, 167 F.3d 1354, 1358 (11th Cir. 1999). Thus an explicit statement reserving an issue "without prejudice" means that the res judicata defense does not apply. *See Churruca v. Miami Jai-Alai, Inc.*, 353 So. 2d 547, 549 (Fla. 1977) (rejecting a res judicata defense for a 1969-70 tortious conspiracy claim when the mandate dismissing a prior 1968-69 conspiracy claim was expressly without prejudice to a similar claim for future conduct); *Tilton v. Horton*, 137 So. 801, 808-09 (Fla. 1931) (holding that the dismissal of an action "without prejudice to defendant," who had a pending counterclaim, did not support a res judicata defense against a later action based on the counterclaim). And as the Eleventh Circuit recently noted, a federal court must give proper effect to a state court's statement on the res judicata effect of its judgment. *See Brown v. R.J. Reynolds Tobacco Co.*, 611 F.3d 1324, 1335-36 (11th Cir. 2010).

Because the First District Court of Appeal did not rule on Mr. Ferenc's retroactivity claim, and explicitly said its ruling was "without prejudice" to that claim, res judicata does not bar this action.

## IV

The statute of limitations in a § 1983 case is the personal-injury statute of limitations of the state where the district court sits. *See, e.g.*, *Wilson v. Garcia*, 471

U.S. 261, 268-71, 105 S. Ct. 1938, 85 L. Ed. 2d 254 (1985), *superceded by statute on other grounds as recognized in Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 379-80, 124 S. Ct. 1836, 158 L. Ed. 2d 645 (2004). In Florida, the limitations period is four years. *See, e.g.*, *Burton v. City of Belle Glade*, 178 F.3d 1175, 1188 (11th Cir. 1999). The limit applies to an ex post facto claim. *See Penoyer v. Briggs*, 206 F. App'x 962, 964 (11th Cir. 2006). But while state law governs the limitations period for a § 1983 claim, federal law governs when a claim accrues. *See, e.g.*, *Lovett v. Ray*, 327 F.3d 1181, 1182 (11th Cir. 2003). Generally, the statute begins to run when an inmate knows, or should know, all of the facts necessary to pursue a claim. *See, e.g.*, *Rozar v. Mullis*, 85 F.3d 556, 561-62 (11th Cir. 1996).

But there is an exception that applies here. Under the doctrine of *Heck v. Humphrey*, 512 U.S. 477, 487, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994), a state prisoner cannot properly pursue a § 1983 claim that, if successful, would necessarily call into question the validity of a conviction or resulting incarceration, unless the conviction has been vacated. The reason for the rule is that the sole remedy for such a claim by a prisoner is a writ of habeas corpus. The same principle applies to a prisoner's challenge to a gain-time revocation. *See Edwards v. Balisok*, 520 U.S. 641, 648-49, 117 S. Ct. 1584, 137 L. Ed. 2d 906 (1997).

A corollary of the *Heck* principle is that the § 1983 limitations period does

not run while *Heck* precludes the prisoner from filing the claim. The Eleventh Circuit has so held, though in a different context. In *Hale v. Riggins*, 154 F. App'x 782 (11th Cir. 2005), a prisoner asserted a § 1983 claim based on a disciplinary decision that was overturned in response to his grievance. The Eleventh Circuit held that the statute of limitations began to run on the date when the disciplinary decision was overturned—that is, on the date when the *Heck* bar was lifted. *Hale*, 154 F. App'x at 784 n.2 (citing *Kelly v. Serna*, 87 F.3d 1235, 1239-40 (11th Cir. 1996)). The *Heck* bar was lifted for Mr. Ferenc when he was released from custody, while for Mr. Hale it was lifted when the disciplinary decision was overturned, but this should make no difference in determining the start date for the statute of limitations. The essential point is that the limitations period does not run while *Heck* precludes the prisoner from filing the claim.

Mr. Ferenc filed this § 1983 action soon after his release from custody and well within the four-year limitations period running from that date. The action thus is not barred by the § 1983 statute of limitations.

To be sure, this ruling raises two other issues. The first is whether *Heck* bars a *released* prisoner—not just a prisoner still in custody—from filing a § 1983 action challenging a conviction or gain-time revocation that has not been set aside. Supreme Court decisions can be cited on both sides of the issue. *Compare*, *e.g.*, *Heck*, 512 U.S. at 490 n.10 (opinion for the Court) (stating that an action is barred

even after the plaintiff has completed service of sentence) *with Spencer v. Kemna*, 523 U.S. 1, 19, 118 S. Ct. 978, 140 L. Ed. 2d 43 (1998) (Souter, J., concurring for four justices) (stating that an action is not barred if the plaintiff cannot seek relief from the conviction through habeas because he is not in custody), *and id*. at 25 (Stevens, J., dissenting) (agreeing with Justice Souter on this point). The Eleventh Circuit has not conclusively ruled on this issue in this context, but the court has put its foot in Justice Souter's camp in the somewhat analogous context of extradition proceedings. *See Harden v. Pataki*, 320 F.3d 1289, 1298-99 (11th Cir. 2003). The circuits are split on the issue, with some following the majority opinion in *Heck*, and others following the more recent statements of five justices in *Spencer*. *Compare Nonnette v. Small*, 316 F.3d 872, 876 (9th Cir. 2002) (reviewing *Heck* and *Spencer* and holding that a plaintiff who was no longer incarcerated could maintain a § 1983 action), *DeWalt v. Carter*, 224 F.3d 607, 616-17 (7th Cir. 2000), *and Jenkins v. Haubert*, 179 F.3d 19, 27 (2d Cir. 1999) ("[W]e find that to apply the *Heck* rule . . . would contravene the pronouncement of five Justices that some federal remedy—either habeas corpus or § 1983—must be available."), *with Entzi v. Redmann*, 485 F.3d 998, 1003 (8th Cir. 2007) (saying that "dicta" in *Spencer* did not override *Heck*), *Gilles v. Davis*, 427 F.3d 197, 210 (3d Cir. 2005) (same), *Randell v. Johnson*, 227 F.3d 300 (5th Cir. 2000) (per curiam) (applying *Heck* to a § 1983 plaintiff no longer in custody), *and Figueroa v. Rivera*, 147 F.3d 77, 81 (1st

Cir. 1998) (same). *See also Powers v. Hamilton Cnty. Pub. Defender Comm'n*, 501 F.3d 592, 603 (6th Cir. 2007) (holding *Heck* inapplicable when the sentence was too short to make habeas relief practicable). No ruling will be made on this issue in this case until the defendants have an opportunity to be heard.

The second new issue is this. If a prisoner can challenge a gain-time revocation by a habeas petition but misses the deadline for doing so, his release from custody ought not revive the claim. Under the Antiterrorism and Effective Death Penalty Act of 1996, the limitations period for a federal habeas claim is one year. The limitations period—assuming, as seems likely, that it applies at all[2]—runs from one of several dates, including the date when the judgment at issue became final by the conclusion of direct review or the time for seeking review, the date when the factual predicate of the claim could have been discovered by due diligence, or the effective date of the Act. And the limitations period is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). This record apparently does not establish—and in any event this order does not address—whether the habeas limitations period expired before Mr.

---

[2] *See Brown v. Barrow*, 512 F.3d 1304 (11th Cir. 2008) (applying the AEDPA statute of limitations in a challenge to the denial of parole); *McAleese v. Brennan*, 483 F.3d 206, 213 n.9 (3d Cir. 2007) (agreeing with the majority view that the AEDPA statute of limitations applies to a habeas challenge to a prison disciplinary decision but noting a single contrary decision).

Ferenc was released from custody.

V

For these reasons,

IT IS ORDERED:

This case is not dismissed on initial screening. The case is remanded to the magistrate judge for further proceedings.

SO ORDERED on November 9, 2010.

s/Robert L. Hinkle<br>
United States District Judge